IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:07CR373

DAJON SEKEE WASHINGTON

**MEMORANDUM OPINION**

Dajon Sekee Washington, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion. Washington contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claims One and Four | Washington did not receive the effective assistance of counsel because counsel failed to challenge the amount and type of drug that was attributed to Washington for purposes of sentencing. |
| Claim Two | Washington is actually innocent of violating 18 U.S.C. § 924(c). |
| Claim Three | Washington did not receive effective assistance of counsel because counsel encouraged Washington to plead guilty to the charge of conspiracy to distribute and possess with intent to distribute crack. |

The United States has responded.[1] Washington has moved for an extension of time to file a reply to that response. Washington's motion for an extension of time (Docket No. 80) will be GRANTED and the Court will consider his reply (Docket No. 81) in addressing the § 2255 motion. The matter is ripe for disposition.

---

[1] The United States included with its response an affidavit from Washington's trial counsel, Edward Riley, and an affidavit from counsel for Washington's codefendant.

## I. PROCEDURAL HISTORY

On October 2, 2007, Washington and his codefendant, Jerrell Damian Gray, were charged in a six-count indictment. Count One charged Gray and Washington with conspiracy to distribute and possess with intent to distribute 5 grams or more of crack. Count Two charged Washington with distribution of crack on June 26, 2007. Count Four charged Washington with possession of cocaine hydrochloride with intent to distribute on July 18, 2007. Count Six charged Gray and Washington with the possession of 21 firearms in furtherance of the drug trafficking crime charged in Count One.

On November 2, 2007, Washington entered into a plea agreement with the United States. Under the terms of the Plea Agreement, Washington agreed to plead guilty to Counts One and Six of the indictment and Count Six. (Plea Agreement ¶ 1). In conjunction with the Plea Agreement, Washington signed a statement of facts. Washington assured the Court, under oath, that he had read the Statement of Facts and the facts contained therein were true. (Nov. 21, 2007 Tr. 21-22.) In the Statement of Facts, Washington acknowledged:

> [T]he following facts are true and correct and that had the matter gone to trial the United States could have proven each of them beyond a reasonable doubt.
> 1. DAJON SEKEE WASHINGTON, along with Jerrell Damian Gray, resided at 1455 Habla [sic] Farm Road, King William, Virginia. WASHINGTON and Gray distributed crack cocaine from this location.
> 2. From in or about January 7, 2007, through and including July 18, 2007, . . . DAJON SEKEE WASHINGTON and Jerrell Damian Gray did unlawfully, knowingly and intentionally combine, conspire, confederate and agree

with each other and others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(B)(iii).

    3. It was part of the conspiracy that DAJON SEKEE WASHINGTON and Jerrell Damian Gray distributed crack cocaine from their residence at 1455 Habla [sic] Farm Road. King William, Virginia.

    4. It is agreed, subject to court approval, that for purposes of this guilty plea only, that the amount of crack cocaine distributed was 5 grams. The amount of crack cocaine distributed for purposes of relevant conduct will be determined by the Court at sentencing.

    5. On or about July 18, 2007, in the Eastern District of Virginia and within the jurisdiction of this Court, DAJON SEKEE WASHINGTON did knowingly and unlawfully possess a Romarm 7.62x39mm AK 47 Assault Rifle with a Bushnell Scope, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to distribute and possess with the intent to distribute cocaine base, commonly known as "crack.,[sic]" and possession of controlled substances with intent to distribute.

    I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt.

(Statement of Facts.)

On February 8, 2008, the Court conducted a sentencing hearing. The Court sentenced Washington to sixty months of imprisonment for Count One and sixty months of imprisonment for Count Six. The sentence on Count Six was ordered to run consecutive to the sentence on Count One, for a total sentence of one hundred and twenty months of imprisonment. Such sentence was the mandatory minimum sentence provided by statute for the crimes to which Washington pled guilty.

## II. WASHINGTON'S CHALLENGES TO HIS CONVICTIONS

### A. Washington's claim of ineffective assistance of counsel with respect to Count One.

In Claim Three, Washington contends that counsel was deficient for encouraging Washington to plead guilty to Count One. To demonstrate the ineffective assistance of counsel, a defendant must first show that counsel's representation was deficient and then that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). To satisfy the prejudice aspect of Strickland, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In the context of a guilty plea, the Supreme Court has modified the second facet of Strickland to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

4

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005)(internal citations and quotations omitted). Accordingly, the United States Court of Appeals for the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

Washington's assertion of ineffective assistance of counsel in Claim Three has two distinct components. First, in his original § 2255 motion, Washington asserted that counsel was deficient for advising him to plead guilty to Count One because, "there is no evidence that movant and [Gray] conspired to sell drugs together. Matter of fact there is sufficient evidence that the two sold drugs

5

independently of the other." (Mem. in Supp. of § 2255 Mot. 9.) Second, in his response to the Government's response to his § 2255 motion, Washington complains that his attorney somehow misled him to believe that he was pleading guilty to conspiracy that involved less than five grams of crack. Both aspects of this claim are patently without merit.

1. **Alleged lack of an agreement between Washington and Gray**

First, the Government had overwhelming evidence that Washington and Gray had been trafficking crack and powder cocaine from their residence. Washington's trial counsel explains that:

> I received extensive discovery from both the State Prosecutor in King William County where the charges were first brought and additional discovery from the Federal Prosecutor and according to this discovery there were at least two controlled buys of cocaine by Washington to Corretta Washington. There was also other evidence of many additional drug transactions occurring at the residence. This led to a search warrant being served on Washington's residence where the controlled buys were conducted at 1455 Hybla Farm Road. Washington was present when the warrant was served and he was found in his room with a young female. Also located in the room was 2.4 grams of cocaine, $8,910.00 in U.S. currency and 12 guns consisting of shotguns, rifles, one handgun and ammunition. There was also more cocaine, guns and currency found throughout the house. Also in the discovery were numerous statements from debriefings done by government agents which detailed additional purchases, or other drug activities, made by individuals such as James Moore and Carl Dandridge that involved Washington. All discovery was sent to Washington for his review independent of counsel.

(Govt.'s Resp. to § 2255 Mot. Riley Aff. ¶ 3.) The Government also had damning evidence that Washington was colluding with Gray in his drug trafficking. In addition to fact that both Gray and

6

Washington were dealing drugs out of the same residence, the cash seized from Gray's bedroom on July 18, 2007 indicated that Gray had shared in the profits from a controlled purchase of crack cocaine between Corretta Washington and Dajon Washington that had taken place on June 26, 2007. (Govt.'s Resp. to § 2255 Mot. Stone Aff. ¶ 3.) Given the above information, counsel reasonably perceived that a jury would find that Gray and Washington had entered into some manner of agreement, even if it was not to compete with each other in distributing or possessing with intent to distribute crack out of their home.[2] Furthermore, given the evidence arrayed against him, Washington fails to demonstrate that a defendant in his position would have been willing to go to trial and risk a higher sentence based on the implausible defense that he and Washington were independent drug dealers, operating out of the same residence. See Hill, 474 U.S. at 60; Gargano v. United States, 852 F.2d 886, 890 (7th Cir. 1988) (dismissing action where defendant fails to submit evidence demonstrating that he would have insisted upon going to trial but for counsel's advice). Hence, the first aspect of Claim Three will be DISMISSED because Washington fails to demonstrate deficiency or prejudice.

---

[2] Indeed, Washington acknowledged as much at his Rule 11 proceedings and his current attempt to deny the existence of such an agreement is palpably incredible. See Lemaster, 403 F.3d 221-22.

### 2. Washington's purported confusion about the amount of drugs to which he pled guilty

Washington asserts that had he "known in advance that 5 or more grams would be used as the basis of his sentence, rather than less than 5 grams which the government and his attorney agreed upon in the statement of facts which led movant to accept the plea, he would have proceeded to trial." (Resp. to Govt.'s Resp. to § 2255 4.) Washington's current assertions that he would have gone to trial if he had known he could be sentenced for five or more grams of crack are not credible.[3] As recited above, both the Plea Agreement and the Statement of Facts clearly reflected that by pleading guilty, Washington acknowledged that he was responsible for at least five grams of crack. (Plea Agreement ¶ 1; Statement of Facts ¶¶ 2, 4.) Additionally, during his Rule 11 proceedings, Washington specifically acknowledged that he was pleading guilty to conspiracy to distribute and possess with intent to distribute five grams or more of crack and that such a charge carried a mandatory five-year sentence.

| COURT: | Okay. I need to confirm that we're talking about the same two charges today. As I understand it, you are proposing to plead guilty to count one which charges you with conspiracy to distribute five grams or more of a substance containing a |

---

[3] It appears that Washington conceived of this claim when Mr. Riley, in his affidavit submitted in opposition to the § 2255 motion, incorrectly stated that he was "successful in limiting the drug weight in the Statement of Facts to less than 5 grams." (Govt.'s Resp. to § 2255 Mot. Riley Aff. ¶ 7.).

8

|  |  |
|---|---|
|  | detectable amount of cocaine base which is commonly called crack and also count six which charges you with possession of firearm in furtherance of a drug-trafficking crime. Is that your understanding? |
| WASHINGTON: | Yes, ma'am. |
| COURT: | I know they were just announced, but I need to confirm that you understand what the penalties are, too. The maximum possible penalty as to count one is a mandatory minimum five years and a maximum of 40 years of imprisonment, and as to Count two, it's a five-year term of imprisonment which has to follow any other term. Do you understand that? |
| WASHINGTON: | Yes, ma'am. |

(Nov. 21, 2007 Tr. 6.) As noted above, Washington ultimately received the statutory mandatory minimum sentence of five years of imprisonment on Count One. In light of the foregoing representations, Washington cannot demonstrate prejudice flowing from alleged confusion about the amount of drugs to which he was pleading guilty and its impact on his sentence. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (concluding that a petitioner "could not be prejudiced by any misinformation his counsel allegedly provided him" regarding his sentence where the court accurately informed the petitioner of the potential sentence he faced and that he could not rely upon any estimate provided by counsel). Accordingly, Claim Three will be DISMISSED.

B.  Washington's assertion that he is innocent of Count Six

In Claim Two, relying upon, <u>Bailey v. United States</u>, 516 U.S. 137 (1995), Washington asserts he is actually innocent of Count Six because he did not "use" or "carry" the firearm (the AK-47) in furtherance of the drug trafficking crime that was charged in Count One. (Mem. in Supp. of § 2255 Mot. 6.) In support of this claim, Washington has tendered a terse affidavit from his mother, wherein she swears that the AK-47 belongs to her and there was "no nexus between the assault rifle recovered from my bedroom and registered to me and the drugs recovered from my son." (Mem. in Supp. of § 2255 Mot. Tara Washington Aff. ¶ 4.) Similarly, in his affidavit, Washington insists that he did not use or carry the AK-47 to protect his drug sales. (Mem. in Supp. of § 2255 Mot. Dajon Washington Aff. ¶ 3.)

Washington was not charged with using or carrying a firearm in violation of 18 U.S.C. § 924(c). He was charged with **possession** of a firearm in furtherance of a drug trafficking crime. (Indictment 3.) During his plea proceedings, Washington acknowledged, under oath, that he was guilty of this offense with respect to the Romarm 7.62x39mm AK 47 Assault Rifle with a Bushnell Scope. (Statement of Facts ¶ 5). Given the above admissions and the failure of Washington to identify any extraordinary circumstances that would allow him to disavow these admissions, his current contrary factual assertions are insufficient to warrant § 2255 relief. <u>See</u>

Lemaster, 403 F.3d at 221. Accordingly, Claim Two lacks merit and will be DISMISSED.

C. **Purported ineffective assistance of counsel with respect to Count Six**

Apparently having recognized the lack of merit in Claim Two, in his July 27, 2009 response to the Government's opposition to his § 2255 motion, Washington argues that counsel was deficient for advising him to plead guilty to Count Six where there was no evidence that he had used the AK-47 in **furtherance** of the drug trafficking crime charge in Count One. These new allegations of error do not provide a basis for § 2255 relief. First, such unsworn allegations cannot constitute a basis for habeas relief. See United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995), overruled on other grounds, 520 U.S. 751 (1997). "A habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits. See, e.g., Rule 2, Rules Governing Section 2255 Proceedings, 28 U.S.C. § 2255. Facts alluded to in an unsworn memorandum will not suffice." Id. (citing Barrett v. United States, 965 F.2d 1184, 1195 (1st Cir. 1992); Dalli v. United States, 491 F.2d 758, 760 (2d Cir. 1974)).

Additionally, as pled, the claim lacks merit. Washington fails to suggest that he communicated to counsel that he was actually innocent of the charge of possessing a firearm in furtherance of a drug trafficking crime. Indeed, Washington

11

acknowledged to counsel and the Court that he was guilty of that offense and that the United States would be able to prove his guilt should he go to trial. Given the twelve firearms found in the room with Washington and his drugs, Washington fails to demonstrate that counsel was deficient in advising him to plead guilty to Count Six. See United States v. Perry, 560 F.3d 246, 257 (4th Cir. 2009) (explaining that "where the charge involves multiple firearms, jury unanimity with respect to the particular firearm used or possessed . . . is generally not required for a § 924(c) conviction" (citing United States v. Hernandez-Albino, 177 F.3d 33, 40 (1st Cir. 1999))). Accordingly, Washington's assertions of ineffective assistance of counsel with respect to Claim Six will receive no further consideration.

### III. WASHINGTON'S CHALLENGES TO HIS SENTENCE

In Claims One and Four, Washington faults counsel for not challenging the amount and type of drug that was attributed to Washington for sentencing purposes. At sentencing, Washington's sentence on Count One was driven by the statutory minimum sentence for the type and quantity of drug to which he had pled guilty. Given these circumstances, Washington cannot demonstrate deficiency or prejudice. See United States v. Purry, 35 F. App'x 62, 62 (4th Cir. 2002) (No. 01-8098), available at 2002 WL 864373, at *1; Robinson v. United States, No. 96-4045, 1998 WL 792043, at *2 (6th

Cir. Nov. 2, 1998). Accordingly, Claims One and Four will be DISMISSED.

Washington's 28 U.S.C. § 2255 motion will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Washington has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Washington and counsel for the United States.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: August 19, 2010
Richmond, Virginia